IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| JOSEPH YOUNG, et al., | * | Cr. No.  ELH-13-0151 |
| | * | |
| Defendants | * | |
| | * | |

..ooOOOoo..

**GOVERNMENT'S RESPONSE TO DEFENDANT PAYLOR'S MOTION SUPPRESS
TANGIBLE EVIDENCE FROM PAYLOR CELL PHONES**

Now comes the United States of America by its attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Robert R. Harding and Ayn B. Ducao, Assistant United States Attorneys and responds in opposition to Defendant Travis Paylor's motion to suppress evidence found as a result of an examination of one of Paylor's cellular phones.

**I.     FACTUAL BACKGROUND**

On April 4, 2014, Magistrate Judge Timothy J. Sullivan authorized the search of eighty two electronic devices seized during the course of this investigation.  See warrant, application and affidavit attached as Exhibit A (hereafter "Electronic Devices" warrant, application and affidavit.  Two of those electronic devices were Apple iPhones recovered during a search of Paylor's residence on November 21, 2013.  See Electronic Devices affidavit at ¶¶ 15, 42.  The affidavit submitted in support of the search of Paylor's residence was incorporated into the Electronic Devices affidavit and is attached hereto as Exhibit B (hereafter "November 2013 affidavit).  The Electronic Devices affidavit referred Judge Sullivan to paragraphs 88-91 of the November 2013 affidavit for a discussion of Paylor's involvement in the conspiracy.  Paragraphs 88-91 of the November 2013 affidavit stated:

88.     Law enforcement database queries list 2638 Pennsylvania Avenue #320 as the residence of PAYLOR as of October 2013. An Experian credit report lists PAYLOR'S address as 2638 #320 Baltimore, Maryland as of September 9, 2013. On Tuesday, November 12, 2013 investigators identified PAYLOR at the residence. PAYLOR resides with his girlfriend, Ebony Jackson, who also resides at the residence. A white two door Honda with Maryland license plate number 8AV6873 which is registered to Jackson was seen parked in front of the apartment.

89.     Travis PAYLOR was indicted by a federal grand jury on November 5, 2013.  See Attachment C.  PAYLOR is currently a CO at BCBIC. He was formerly assigned to BCDC, but multiple sources told investigators he was transferred to BCBIC because he was suspected of being a corrupt officer.

90.     Cooperator #7 had direct personal knowledge that PAYLOR smuggled tobacco and marijuana into the jail. This cooperator also had knowledge that PAYLOR had a network of female CO's working for him to smuggle contraband. Cooperator #12 had direct personal knowledge that PAYLOR smuggled prescription pills, Suboxone strips, tobacco and marijuana into the jail frequently. This cooperator witnessed PAYLOR deliver contraband to inmates. Cooperator #6, who had direct personal knowledge, confirmed that Travis PAYLOR sold drugs and cell phones in the jail.  An unidentified inmate told Cooperator #11 that Paylor would smuggle contraband in to his cellmate. Cooperator #12 had direct personal knowledge that PAYLOR would smuggle prescription pills, Suboxone strips, tobacco and marijuana into the jail frequently. The cooperator witnessed PAYLOR deliver contraband to inmates.

91.     In a call intercepted on 10/30/12, Derius DUNCAN told Kimberly DENNIS:
"I'll probably give you something for you to give PAYLOR and I'll just have to pay PAYLOR myself or something. I'll get you a can and…. Grass or something. Like a half ounce or something."

## II.     ARGUMENT

### A.     The Electronic Devices Affidavit provided sufficient probable cause justifying the search of Paylor's phones.

The test for probable cause is totality of the evidence, and reliability is only one factor among many the magistrate could consider.  Once a search warrant has been issued, review of the probable cause determination by the judicial officer (usually a magistrate judge) is to be shown "great deference."  *United States v. Blackwood*, 913 F2d 139, 142 (4th Cir. 1990).   The

Fourth Circuit has recognized that testimony may be accepted as credible even if it is "totally uncorroborated and comes from an admitted liar, convicted felon, or large scale drug-dealing, paid government informant." *United States v. Ramseur*, 378 Fed. Appx. 260, 266 (4th Cir. 2010) (citing *United States v. Johnson*, 489 F.3d 794, 797 (7th Cir. 2007); *see also United States v. Ingram*, —Fed. Appx.—, 2014 WL 631072 at *10 (4th Cir. 2014).

Judge Sullivan was entitled to attach great weight to the fact that Paylor had already been indicted by a federal grand jury. Moreover, Judge Sullivan was presented with evidence that two cooperators had direct knowledge that Paylor was involved in smuggling contraband into the jail. In addition, Judge Sullivan was presented with evidence of a wiretapped phone call in which two co-conspirators – Kimberly Dennis and Derius Duncan – discussed that Dennis intended to enlist Paylor in bringing contraband into the jail. Thus, there was more than enough probable cause to support the issuance of search warrants authorizing the search of Paylor's phones.

**B.     The searches were not conducted in an overbroad manner.**

Numerous cases from the Fourth Circuit have held that "blanket suppression is an 'extraordinary remedy that should be used only when the violations of the warrant's requirements are so extreme that the search is essentially transformed into an impermissible general search.'" *United States v. Uzenski*, 434 F.3d 690, 706 (4th Cir. 2006) (quoting *United States v. Robinson*, 275 F.3d 371, 381 (4th Cir. 2001); *See also United States v. Srivastava*, 540 F.3d 277, 293-94 (4th Cir. 2008) (overturning district court's ordering of blanket suppression despite the agent testifying that his subjective belief that the terms of the search warrants were "meaningless"); *United States v. Chandia*, 514 F.3d 365, 374 (4th Cir. 2008) (finding blanket suppression not justified and noting that the defendant did not identify any item that was outside the scope of the warrant but nevertheless seized and used against him at trial); *United States v.*

*Squillacote*, 221 F.3d 542, 556-57 (4th Cir. 2000) (finding blanket suppression not warranted); *United States v. Ruhe*, 191 F.3d 376, 383 (4th Cir. 1999); *United States v. Jones*, 31 F.3d 1304, 1314 (4th Cir. 1994) (blanket suppression not warranted); *United States v. Borromeo*, 954 F.2d 245, 247 (4th Cir. 1992) (same);

Indeed, "[t]he general rule . . . is that items properly seized may still be admitted even when they are obtained at the same time as improperly seized items." *Ruhe*, 191 F.3d at 383. *See also Unzenski*, 434 F.3d at 708 ("even if these items were improperly seized, 'the exclusionary rule does not compel suppression of evidence properly covered by a warrant merely because other material not covered by the warrant was taken during the same search'") (internal citation omitted).

In his motion, Paylor claims that the searches were conducted in a manner which extended beyond the scope of the authority granted in the warrant. Def. Mot at 2. However, Paylor does not specify how the search was overbroad or what evidence the Government intends to introduce that Paylor contends is beyond the scope of the warrant. As directed by the Honorable Ellen L. Hollander, the Government has already identified to Paylor the text messages, emails and one video and it intends to introduce in its case-in-chief and has indicated that approximately 222 text messages and one video are substantive evidence of the crimes charged while the remaining emails and text messages serve to establish that Paylor was in fact the user of the phone. Thus, blanket suppression is certainly not justified in this case.

## III. Conclusion

For the foregoing reasons, Paylor's motion to suppress evidence found as a result of an examination of one of Paylor's cellular phones should be denied.

        Respectfully submitted,

        _____/s/_____
        Robert R. Harding
        Assistant United States Attorney

        Ayn Ducao
        Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of November, 2014, a copy of the foregoing was electronically filed with notice to all counsel of record.

                                      _____/s/_____
                                      Ayn B. Ducao
                                      Assistant United States Attorney